IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy Matusiewicz | ) | Case No. 4:16-cv-01595-DCC |
| | ) | Case No. 4:16-cv-01596-DCC |
| Plaintiff, | ) | Case No. 4:16-cv-01597-DCC |
| | ) | Case No. 4:16-cv-01598-DCC |
| v. | ) | |
| | ) | |
| Florence County Sheriff's Office; William Kenney Boone; Mark E. Fuleihan; Anderson J. Beane; and Brooks A. Urquhart, in their respective individual capacities, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Tyler Matusiewicz, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Florence County Sheriff's Office; William Kenney Boone; Mark E. Fuleihan; Anderson J. Beane; and Brooks A. Urquhart, in their respective individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Ronald Basile, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |



Florence County Sheriff's Office; William )
Kenney Boone; Mark E. Fuleihan; )
Anderson J. Beane; and Brooks A. )
Urquhart, in their respective individual )
capacities, )
                                                     )
                  Defendants. )
_____ )
                                                     )
Diane Basile, )
                  Plaintiff, )
v. )
Florence County Sheriff's Office; William )
Kenney Boone; Mark E. Fuleihan; )
Anderson J. Beane; and Brooks A. )
Urquhart, in their respective individual )
capacities, )
                  Defendants. )
_____ )

This matter is before the Court on Defendants' Motion for Summary Judgment.[1] ECF No. 117.[2]  Plaintiffs filed a response in opposition.  ECF Nos. 125, 128.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").  On May 30, 2019, the Magistrate Judge

---

[1] For the reasons stated by the Magistrate Judge in the Report and Recommendation, Defendants' motion to dismiss is moot.  *See* ECF No. 137 at 2 FN. 1.

[2] For clarity, the Court will use the docket entry numbers from the lead case for citations in this Order.

issued a Report recommending that the Motion for Summary Judgment be granted in part and denied in part. ECF No. 137. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. All parties have filed objections and replies. ECF Nos. 141, 143, 145.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provided a thorough recitation of the procedural history, facts, and applicable law in the case, which the Court incorporates by reference. Based on the numerous claims and the lengthy record of this case, the Court will follow the structure of the discussion used in the Report to rule on the parties' objections.

***Plaintiffs' Fourth Amendment Claims for Unreasonable Search and Seizure Under § 1983***

<u>Tyler's § 1983 Claim for Unlawful Seizure</u>

The Magistrate Judge determined that there was probable cause to arrest Tyler, and recommends that the motion for summary judgment be granted with respect to this claim. In making her recommendation, the Magistrate Judge considered that some of Fuleihan's statements to the state court magistrate judge were misleading but ultimately determined that they were not material. Accordingly, considering the affidavit without the misleading statements, she found that it established probable cause that Tyler's conduct violated the disorderly conduct statute. Plaintiffs object and argue that the warrant presents only conclusory statements and is devoid of a substantial basis to find probable cause.[3]

While the Court does not condone Fuleihan's exaggeration that Tyler fled the scene, the Court agrees with the Magistrate Judge's discussion of the existence of probable cause after that statement is omitted from the affidavit. The affidavit's statements that Tyler "was observed by a Law Enforcement Officer to use loud and profane language to the victim . . . [and] was further observed to act in the same loud and boisterous manner using extreme vulgar language inside the LEC until such time a Lake City Police Officer asked the defendant to leave the location" are sufficient to establish

---

[3] The Court notes Defendants' reply to Plaintiffs' objections in which they argue that Plaintiffs' failed to present specific objections. The Court will address Plaintiffs' numbered objections. However, to the extent they intend to raise other objections by stating that their prior filings are incorporated into their objections, it is not proper for the Court to search for any and all possible objections by combing through Plaintiffs' previously filed documents.

probable cause that Tyler violated the disorderly conduct statute. Accordingly, the Court agrees with the recommendation of the Magistrate Judge and overrules Plaintiffs' objection.

### Timothy's § 1983 Claim for Unlawful Seizure

The Magistrate Judge found that Timothy's claim is barred by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 447 (1984). Specifically, she determined that Timothy was convicted of "Breach/Breach of Peace, non-Aggravated Nature," that his conviction has not been overturned, and that a finding that he was unlawfully seized would implicitly invalidate his conviction. Accordingly, she recommends granting Defendants' motion with respect to his § 1983 claim for money damages for unlawful seizure.

Plaintiffs object and contend that Defendants Fuleihan, Beane, and Urquhart ("the Individual Defendants") did not have any legal justification to be inside Timothy's home where he was arrested. They state that Timothy was arrested for exercising his First Amendment rights to object to their unlawful entry. Therefore, they argue that this claim is not barred by *Heck*.

*Heck* provides that a § 1983 claim cannot be pursued based on allegations of unlawful circumstances surrounding a criminal prosecution until the conviction has been set aside or the charges have been dismissed without the possibility of revival. Here, as discussed by the Magistrate Judge, a favorable determination on the merits of Timothy's § 1983 claim would implicitly invalidate his criminal conviction; accordingly, his claim is barred under *Heck*. Plaintiffs' objection is overruled, and summary judgment is granted with respect to this claim.

5

*Mrs. Basile's § 1983 Claim for Unlawful Seizure*

The Magistrate Judge determined that there is a genuine issue of material fact with respect to whether there was probable cause to seize Mrs. Basile for allegedly assaulting Fuleihan. Accordingly, she recommends denying summary judgment with respect to this claim.

Defendants object and argue that there is nothing in the record to support Mrs. Basile's version of events. They further contend that she was not arrested, taken into custody, or handcuffed.

In her Report, the Magistrate Judge lays out the different versions of events offered by Mrs. Basile and Fuleihan, which the Court specifically incorporates into this Order. *See* ECF No. 137 at 15. Upon de novo review of the record and the pleadings in this case and viewing the facts in the light most favorable to Plaintiffs, the Court agrees that there is a genuine issue of material fact with respect to whether there was probable cause to seize Mrs. Basile. Accordingly, summary judgment is denied with respect to this claim.[4]

---

[4] Regarding Defendants' argument that Mrs. Basile was not arrested, there is evidence in the record that Fuleihan stepped inside the house and told her she was under arrest. Under these circumstances, a reasonable person may not have felt free to leave or terminate the encounter. Therefore, the fact that she was not actually arrested, taken into custody, or handcuffed is insufficient at this procedural posture to preclude a finding that her constitutional rights were violated. *See United States v. Jones*, 678 F.3d 293, 299 (4th Cir. 2012) ("'[I]n order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officers' requests or otherwise terminate the encounter.'" (quoting *Florida v. Bostick*, 501 U.S. 429, 439 (1991)).

*Mr. Basile's Claim for Unlawful Seizure*

The Magistrate Judge determined that Defendants were entitled to summary judgment with respect to this claim because there was no indication that he was ever under arrest. Neither party has objected to this recommendation. Upon review of the record, applicable law, and Report for clear error, the Court agrees with the recommendation of the Magistrate Judge. Defendants' motion is granted with respect to this claim.

### Plaintiffs' 1983 Fourth Amendment Claims for Unlawful Search

The Magistrate Judge recommends that Defendants' motion be denied as to all Plaintiffs regarding this claim. She states that the issue to be decided is whether the Individual Defendants had reason to believe that Tyler was inside the house when they entered the home without a warrant. She concludes that there is a genuine issue of material fact with respect to whether the Individual Defendants knew the difference between the twins such that they knew that they had the correct brother in custody and entered the home anyway.

Defendants object and contend that there is undisputed evidence that clearly reflects that they did not know they had Tyler in custody. Accordingly, pursuant to *Payton v. New York*, 445 U.S. 573 (1980), they assert the Individual Defendants had authority to enter the home to confirm that they had the correct twin in custody.

Here, there is a genuine issue of material fact regarding whether the Individual Defendants knew that they had Tyler in custody. Tyler testified that he identified himself

7

and one of the officers stated, "yeah, that's him because he's the broader one."[5] ECF No. 125-9 at 2. Because there is a genuine issue of material fact as to whether the Individual Defendants knew they had Tyler in custody, at this procedural posture they may not rely on *Payton* to justify their entrance into the house. Accordingly, summary judgment is denied with respect to this claim.

### *Plaintiffs' § 1983 Claims for Excessive Force*

The Magistrate Judge recommends granting summary judgment on the excessive force claims as to all Plaintiffs because the force applied was minimal and appropriate under the circumstances. Plaintiffs object only as to Mrs. Basile's excessive force claim.[6] They argue that she did nothing illegal; accordingly, any amount of force was unreasonable. Plaintiffs contend that the Magistrate Judge mistakenly determined that substantial physical injury was necessary to maintain a claim for excessive force and state that the proper standard was articulated in *Graham v. Connor*. 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in

---

[5] Defendants repeatedly state that Tyler and Timothy are identical, not merely similar, twins in support of their argument that they had authority to enter the house. While it is undisputed that Tyler and Timothy are identical twins, that does not necessarily mean that they are identical-looking adults without any discernable differences.

[6] The Court notes that at the end of the section labeled "Excessive Force Used Against Diane Basile," Plaintiffs briefly state that "should the jury find that the seizure and arrest of Tyler Matusiewicz and the other Plaintiffs were unreasonable and unlawful, any amount of force used in that seizure would correspondingly be unlawful and unreasonable." ECF No. 143 at 7. Summary judgment is granted as to those claims; accordingly, the Court will not address this statement further.

the course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness standard.'").

As an initial matter, the Magistrate Judge cited to and applied the standard articulated in *Graham*. Further, while Plaintiffs argue that any force used against Mrs. Basile was unreasonable because she did nothing illegal, they provide no legal support such a bright-line rule. Moreover, in their objections, Plaintiffs fail to allege that Mrs. Basile suffered any injury. *See Cooper v. City of Virginia Beach*, 817 F. Supp. 1310, 1314 (E.D. Va. 1993) ("[T]he presence, nature, and extent of any resulting injury constitute important elements in the reasonableness calculus."). Accordingly, this objection is overruled.

With respect to Tyler, Timothy, and Mr. Basile, the Court has reviewed the Report for clear error. Finding none, the Court agrees with the recommendation of the Magistrate Judge. Defendants are entitled to summary judgment regarding each Plaintiff's claim for excessive force.

***Qualified Immunity***

<u>Plaintiffs' Fourth Amendment Claims for Unlawful Seizure</u>

<u>Tyler, Timothy, and Mr. Basile's Unlawful Seizure Claims</u>

The Magistrate Judge recommends finding that the Individual Defendants are entitled to qualified immunity regarding Tyler's, Timothy's, and Mr. Basile's claims for unlawful seizure under the Fourth Amendment. Plaintiffs object as to Tyler's and Timothy's claims and argue that there was no probable cause to arrest them; accordingly,

9

the Individual Defendants are not entitled to qualified immunity. The Court has addressed the question of probable cause above. Accordingly, this objection is overruled.

The Court has reviewed the record, applicable law, and Report for clear error with respect to the Magistrate Judge's recommendation as to Mr. Basile. Finding none, the Court adopts the recommendation of the Magistrate Judge and finds that the Individual Defendants are entitled to qualified immunity as to this claim.

<u>Mrs. Basile's Unlawful Seizure Claim</u>

The Magistrate Judge determined that the Individual Defendants are not entitled to qualified immunity with respect to Mrs. Basile's claim for unlawful seizure. Defendants object and argue that the Individual Defendants were not incompetent and did not knowingly violate Mrs. Basile's constitutional rights. They further argue that she made brief contact with Fuleihan and was not arrested.

Qualified immunity offers complete protection "from liability for civil damages" for government officials sued in their individual capacities as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry." *Tolan v. Cotton*, 572 U.S. 650, 655 (2014). "The first asks whether the facts, '[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right[.]'" *Id*. (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "The second prong of the qualified-immunity analysis asks whether the right in question was 'clearly established' at the time of the violation." *Id*. at 1866 (citing *Hope v.*

*Pelzer*, 536 U.S. 730, 739 (2002)). For the second prong, "'the salient question . . . is whether the state of the law' at the time of an incident provided 'fair warning' to the defendants 'that their alleged conduct was unconstitutional.'" *Id*. (quoting *Hope*, 536 U.S. at 741). "Courts have discretion to decide the order in which to engage these two prongs." *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

Mrs. Basile's right to be free from unlawful seizure was clearly established at the time of these events. With respect to whether her federal rights were violated, the Court has already determined that there exists a genuine issue of material fact. A finding of qualified immunity may indeed be appropriate as more facts are established, but not at this juncture. *See Tolan*, 572 U.S. at 656 (holding that "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment); *Vathekan v. Prince George's Cty.*, 154 F.3d 173, 179–80 (4th Cir. 1998) (denying summary judgment where disputed facts existed as to events surrounding the alleged constitutional violation). Accordingly, Defendants' objection is overruled.

<u>Unlawful Entry</u>

The Magistrate Judge recommends finding that the Individual Defendants are not entitled to qualified immunity because there is a genuine issue of material act with respect to whether the officers knew that they had the correct twin in custody. She states that the law was clearly established that a law enforcement officer cannot enter a dwelling without consent or a search warrant when they have the subject of their arrest warrant in custody.

Defendants object and argue that the Individual Defendants believed they had a duty to determine whether they had the correct twin in custody. As stated above, there

11

remains a genuine issue of material fact with respect to this argument. Accordingly, a finding that the Individual Defendants are entitled to qualified immunity with respect to this claim is inappropriate. Defendants' objection is overruled.

### *Excessive Force*

The Magistrate Judge recommends finding that Defendants are entitled to qualified immunity regarding Plaintiffs' excessive force claims because there remains no genuine issue of material fact with respect to whether there was a constitutional violation. Plaintiffs object only as to Mrs. Basile and raise the same arguments addressed above. Because the Court has found that Defendants did not violate Mrs. Basile's rights by subjecting her to excessive force, the Court overrules the objection.

With respect to Tyler, Timothy, and Mr. Basile, the Court has reviewed the Report for clear error. Finding none, the Court agrees with the recommendation of the Magistrate Judge that Defendants are entitled to qualified immunity on the excessive force claim brought by these Plaintiffs.

## **Supervisory Liability**

The Magistrate Judge recommends granting Defendants' motion for summary judgment as to the claim for supervisory liability against Sheriff Boone. She states that Plaintiffs failed to establish a causal connection between any action of knowledge of Sheriff Boone and Plaintiffs' injuries.

Plaintiffs object and "incorporate by reference the arguments fully set forth previously in Plaintiffs' response in opposition to summary judgment in this issue" and cite to the docket entry number of their response in opposition. The Court has reviewed the

12

record, including the response in opposition, the applicable law, and the Report de novo. Upon review, the Court agrees with the recommendation of the Magistrate Judge. Because additional arguments were not raised in their objections, the Court need not restate the relevant facts and legal analysis already thoroughly considered by the Magistrate Judge. The Court incorporates the Magistrate Judge discussion of this claim into this Order and overrules Plaintiffs' objection. Sheriff Boone is dismissed from this action.

***Eleventh Amendment Immunity***

The Magistrate Judge recommends a finding that Defendants are not entitled to Eleventh Amendment Immunity because all claims were brought against Defendants in their individual capacities. Neither party has objected to this recommendation. Upon review for clear error, the Court agrees that Plaintiffs are suing the individual Defendants in their individual capacities and denies this portion of the motion for summary judgment.

The Magistrate Judge further recommends that the Florence County Sheriff's Office should be dismissed because Plaintiffs fail to state any plausible claim against it. In their objections, Plaintiffs agree to the dismissal. ECF No. 143 at 3 FN 1. Accordingly, the Florence County Sheriff's Office is dismissed from this action without prejudice.

***State Law Claims***

<u>False Imprisonment/False Arrest</u>

The Magistrate Judge recommends granting Defendants' motion with respect to Timothy's, Tyler's, and Mr. Basile's claims for false arrest for the same reasons provided in the analysis of their Fourth Amendment claims for unlawful seizure. The Magistrate

Judge recommends denying summary judgment with respect to Mrs. Basile's claim for false arrest because there exists a genuine issue of material fact as to whether Defendants lawfully restrained her.

Plaintiffs object to the Magistrate Judge's recommendation regarding Timothy's and Tyler's claims for false arrest. Plaintiffs incorporate the same arguments articulated in response to the Magistrate Judge's recommendation as to Timothy's and Tyler's Fourth Amendment claims for unlawful seizure. The Court overrules these objections for the same reasons stated in its discussion of their unlawful seizure claims.

Defendants object to the Magistrate Judge's recommendation regarding Mrs. Basile. First, they contend that there is no genuine issue of material fact with respect to whether she was arrested or imprisoned. The Court has already discussed this argument; accordingly, their objection is overruled for the same reasons stated above.

Defendants also argue that the Individual Defendants are immune from suit under the South Carolina Tort Claims Act ("SCTCA") because at all times they were acting within the scope of their official employment. As stated by the Magistrate Judge, the SCTCA grants to the States, its political subdivision, and employees, while acting within the scope of official duty, immunity from liability for any tort, except as waived therein. S.C. Code Ann. § 15-78-20(b). An employee is not immune from suit "if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(b). "[I]f the plaintiff proves that 'the employee's conduct . . . constituted actual fraud, actual malice, intent to harm, or a crime involving moral

14

turpitude,' then the government agency is not liable, and the employee is personally liable." *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995 (quoting S.C. Code Ann. § 15-78-70(b)). Because genuine issues of material fact remain with respect to Mrs. Basile's claim that she was unlawfully seized, including whether the violation of her rights was intentional, the Court overrules Defendants' objection and denies their motion for summary judgment as to her state law claim for false arrest/false imprisonment.

In the absence of a specific objection as to Mr. Basile's claim for false arrest, the Court has reviewed the Magistrate Judge's Report for clear error. Finding none, the Court adopts the recommendation of the Magistrate Judge and Defendants' motion is granted with respect to Mr. Basile's claim for false arrest/false imprisonment.

### Invasion of Privacy

The Magistrate Judge recommends denying Defendants' motion for summary judgment as to Plaintiffs' claims for invasion of privacy for the same reasons she recommended denying the motion as to Plaintiffs' claims for unlawful search under the Fourth Amendment. Defendants object and assert the same argument articulated in response to the Magistrate Judge's recommendation on the Fourth Amendment claim—that the Individual Defendants had a duty to determine which twin they had in custody. The Court overrules this objection for the same reasons stated above.[7]

---

[7] Defendants also argue that the Individual Defendants are immune from suit under the SCTCA. The Court overrules this objection for the same reasons stated in its prior discussion of the SCTCA.

15

*Trespass*

The Magistrate Judge recommends denying Defendants' motion as to Plaintiffs' claims for trespass. Defendants object and, again, argue that they believed they had a duty to enter the house to determine which twin was in their custody. For the reasons stated above, the Court overrules this objection.[8]

*Negligence and Gross Negligence*

The Magistrate Judge recommends that summary judgement should be granted as to Tyler's, Timothy's, and Mr. Basile's claims for negligence and gross negligence relating to their claims for unlawful seizure and as to all Plaintiffs' claims for negligence and gross negligence relating to their claims for excessive force. She recommends that summary judgment be denied as to Mrs. Basile's claims for negligence and gross negligence relating to her claim for unlawful seizure and as to all Plaintiffs' claims for negligence and gross negligence relating to their claims for unlawful search.

Plaintiffs object with respect to Tyler's and Timothy's claims for negligence and gross negligence relating to unlawful seizure and refer to their prior arguments on these claims. For the reasons previously stated by this Court, the undersigned overrules these objections. Neither party raised specific objections with respect to the Magistrate Judge's recommendation that summary judgment be granted as to Plaintiffs' claims for negligence and gross negligence relating to their claims for excessive force. The Court has reviewed

---

[8] Defendants also argue that the Individual Defendants are immune from suit under the SCTCA. The Court overrules this objection for the same reasons stated in its prior discussion of the SCTCA.

16

this portion of the Report for clear error; finding none, the Court adopts the recommendation of the Magistrate Judge.

Defendants object to the Magistrate Judge's recommendation with respect to Mrs. Basile's claims for negligence and gross negligence relating to her claim for unlawful seizure. They again argue that she was not arrested. The Court again overrules this argument. Defendants also argue that her conclusory allegations of negligence and gross negligence are insufficient to survive summary judgment. Upon de novo review of the record, applicable law, and Report, the Court disagrees, overrules this objection, and adopts the recommendation of the Magistrate Judge.

Defendants object to the Magistrate Judge's recommendation regarding Plaintiffs' claims for negligence and gross negligence relating to their claims for unlawful search. They argue that the Individual Defendants believed they had a duty to determine which brother was in custody. For the reasons previously stated, this objection is overruled, and Defendants' motion is denied with respect to these claims.

### *Punitive Damages*

The Magistrate Judge recommends denying Defendants' motion for summary judgment with respect to Plaintiffs' claim for punitive damages under 42 U.S.C. § 1983. Defendants object and argue that there is no evidence that Defendants' conduct was recklessly or callously indifferent to Plaintiffs' federally protected rights or motivated by evil intent. The Court has conducted a de novo review of the record, applicable law, and Report; upon consideration, the Court adopts the recommendation of the Magistrate

Judge, specifically incorporates her analysis of this claim into this Order, and overrules Defendants' objection.[9]

## **CONCLUSION**

Accordingly, Defendants' Motion for Summary Judgment [117] is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** with respect to Tyler Matusiewicz's, Timothy Matusiewicz's, and Mr. Ronald Basile's claims for unlawful seizure; each Plaintiffs' claim for excessive force; Tyler Matusiewicz's, Timothy Matusiewicz's, and Mr. Ronald Basile's state law claims for False Imprisonment/False Arrest; Tyler Matusiewicz's, Timothy Matusiewicz's, and Mr. Ronald Basile's negligence and gross negligence claims as those claims relate to their claims of unlawful seizure; each Plaintiffs' claims for negligence and gross negligence as they relate to Plaintiffs' claim for excessive force; and claims against Sheriff William Kenney Boone. The motion is **DENIED** with respect to Mrs. Diane Basile's claim for unlawful seizure, each Plaintiffs' claim for unlawful search, Mrs. Basile's claim for False Arrest/False Imprisonment, each Plaintiffs' claim for Invasion of Privacy and Trespass, Mrs. Basile's claims for negligence and gross negligence as associated with her claim for unlawful seizure, each Plaintiffs' claims for negligence and gross negligence as those state law claims are associated with their claim for unlawful search, the availability for punitive damages under 42 U.S.C. § 1983. The Florence County Sheriff's Office is **DISMISSED** without prejudice.

---

[9] Defendants assert in their objections that Plaintiffs have failed to establish proximate cause through expert medical testimony. There are no medical causal relation issues in this case requiring such expert testimony. Accordingly, this objection is overruled.

18

Defendants' Motion to Dismiss, ECF No. 92 in C/A No. 4:16-cv-01595, is **FOUND as MOOT**.

    IT IS SO ORDERED.

                                                      s/ Donald C. Coggins, Jr.
                                                      United States District Judge

July 29, 2019
Spartanburg, South Carolina